CATHARINE M. CARLETON, RESPONDENT, v. DAVIS CARLETON, APPELLANT.

*Service of summons by publication—what is sufficient evidence of inability to find the defendant within the State—Code, § 135.*

On an application for an order directing the service of the summons by publication, in an action commenced in July, 1877, an affidavit was presented which alleged " that the defendant has not resided within the State of New York since March, 1877."

*Held,* that this allegation was sufficient evidence of the plaintiff's inability after due diligence, to find the defendant within the State, and was sufficient to confer jurisdiction upon the court to make the order.

APPEAL from an order, made at Special Term, denying a motion to set aside a decree of divorce entered in this action.

This was an action for divorce. The action was commenced by the publication of the summons. The first publication of the summons was on July 22, 1877. Judgment was obtained and docketed October 11, 1877. The parties resided in Camden, Oneida county. The place of trial was laid in Kings county, in which county all the proceedings were had. The plaintiff's attorney resided in the city of New York.·

The affidavit upon which the order for the publication of the summons was granted reads as follows:

" Catherine M. Carleton, plaintiff above named, being duly sworn, says that this action is brought for divorce, and that a cause

of action exists in her favor against the defendant above named, the grounds of which are as follows:

"The defendant, in the month of June, 1872, committed adultery, and had carnal connection with one Fillis Ford, at Orwell, Oswego county, New York, without the knowledge, consent, privity or procurement of plaintiff. That plaintiff has not condoned said offense, and has not cohabited with defendant since the commission by him of said act of adultery was known to her. That defendant has not resided within the State of New York since March, 1877, and deponent is informed and believes that defendant is now a resident of San F ncisco, California."

*S. Cromwell,* for the appellant. The validity of the order for the publication of the summons must be judged solely upon the sufficiency of the affidavit upon which it was granted. The following are some of the cases reported in the books, which will fully sustain the foregoing: *Hallett* v. *Righters,* 13 How. Pr., 43 ; *Kendall* v. *Washburn,* 14 Id., 380 ; *Van Wyck* v. *Hardy,* 11 Abb. Pr., 473–476 ; *Wortman* v. *Wortman,* 17 Id., 66 ; *Peck* v. *Cook,* 41 Barb., 549; *Easterbrook* v. *Easterbrook,* 64 Id., 421 ; *Waffle* v. *Goble,* 53 Id., 517 ; *Evertson* v. *Thomas,* 5 How. Pr., 45 ; *Bixby* v. *Smith,* 3 Hun, 61; *Towsley* v. *McDonald,* 32 Barb., 604 ; *Howe Machine Co.* v. *Pettibone,* 74 N. Y., 68. All the foregoing cases and decisions, and each of them, hold that the fact of non-residence alone is not sufficient to authorize an order for the publication of the summons. In addition to the fact of non-residence, it must be shown by affidavit that after due diligence the defendant cannot be found within the State.

*William Kernan,* for the respondent. The complaint and affidavit upon which the order for publication of the summons was granted were sufficient. (Code of Pro., § 135 ; *Varnam* v. *Holbrook,* 5 How. Pr., 3 ; *Roche* v. *Ward,* 7 Id., 416 ; *Van Wyck* v. *Hardy,* 20 Id., 222; affirmed in Court of Appeals, 39 Id., 392 ; *Allen* v. *Malcolm,* 12 Abb. Pr., N. S. 335; *Steinle* v. *Bell,* 12 Id., 171 ; *Titus* v. *Relyea,* 16 How. Pr., 371, 375 ; *Barnard* v. *Heydrick,*

49 Barb., 62, 70; *Howe Machine Co.* v. *Pettibone*, 74 N. Y., 68; *Van Rhade* v. *Van Rhade*, 2 N. Y. Sup'm. Ct. [T. & C.], 491.

GILBERT, J.:

It was satisfactorily shown on the hearing of this motion that the defendant, as early as March, 1877, had abandoned his wife and child, and had gone out of the State. This suit was commenced in July, 1877. The adultery of the defendant was legally proved. The decree was regularly obtained, and the plaintiff has remarried on the faith of its validity. Nevertheless, if it had been shown that any fraud had been perpetrated in obtaining the decree, or that the testimony on which it was granted was false, we should unhesitatingly set it aside. The evidence presented by the defendant on those points is not satisfactory, and it has been contradicted in all material respects by evidence on behalf of the plaintiff. It would not, therefore, be just to the plaintiff, or consonant with public policy, to vacate the decree, on the ground that it was obtained by fraud. There is no substantial defect in the proof of the publication of the summons. The summons is annexed to the affidavit of the printer. Calling the paper so annexed a "*notice*" does not make it one.

The only remaining question relates to the sufficiency of the affidavit on which the order of publication was made. The statute (Code of Pro., § 135) which governed the case required proof by affidavit, to the satisfaction of the judge who granted the order, that the defendant could not after due diligence be found within the State. It was the duty of the judge who made the order to decide upon the sufficiency of the evidence presented to him. If the evidence had a legal tendency to prove the fact requisite to confer jurisdiction upon him to make the order, then, the order is valid, although the proof on which it was made is slight and inconclusive, (*Staples* v. *Fairchild*, 3 Comst., 46.) The affidavit on which the order was made states the fact positively "that the defendant has not resided within the State of New York since March, 1877." That, we think, is some evidence that the defendant could not after due diligence be found with the State. I perceive nothing in the statute which required proof of an actual search for the defendant,

for the fact that a man cannot be found in a given place can be proved without an actual search for him there. Proof that the defendant was actually out of the State would be the most convincing evidence that he could not, with any degree of diligence, be found within it.

It now appears that the defendant was out of the State when the order of publication was made. How futile, then, would have been a search within the State!

The fact may also be shown by evidence of a less conclusive nature. It is the exclusive province of the judge who grants the order to determine whether the affidavit presented is sufficient or not. In some cases, the fact of non-residence, in addition to the fact that the defendant cannot be found, must be shown. (Code, § 135, subd. 3.) In such cases an affidavit of non-residence merely, might with some reason be held insufficient, not because non-residence did not tend to prove that the defendant could not with due diligence be found within the State, but because formal and distinct proof of both facts was requisite to a technical compliance with the statute. This last consideration may account for some of the decisions cited by the learned counsel for the defendant.

Without pursuing the subject further, and omitting a review of the conflicting decisions upon this subject, we are of opinion that the affidavit on which the order of publication was made, though extremely weak and inconclusive, was still sufficient to confer jurisdiction to make the order, and that the order appealed from should be affirmed, with $10 costs, and disbursements.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Order affirmed, with $10 costs, and disbursements.